## J. M. FOGG *vs.* O. W. LAWRY.

### Somerset.   Opinion May 28, 1880.

*Action for aiding a debtor in fraudulent transfer of property.  R. S., c. 113,*
*§ 51.  Bankruptcy.  Waiver.*

One, who has commenced an action to recover the penalty provided by R. S., c. 113, § 51, for knowingly aiding a debtor in the fraudulent transfer of his property to secure it from the creditors, waives his right to prosecute his suit by filing a petition against his debtor and having him declared a bankrupt, and then causing a suit to be commenced against the alleged fraudulent transferee by the assignee in bankruptcy to recover the value of the property alleged to have been fraudulently transferred.

ON AGREED STATEMENT OF FACTS.

An action under R. S., c. 113, § 51, against defendant for aiding one William P. Farnsworth in an alleged fraudulent sale of personal property.

Writ dated April 28, 1876.  The case has been once before presented to the law court and is reported in 68 Maine, 78.  It is now presented on facts agreed upon, the material portion of which are as follows :

William P. Farnsworth, while indebted to this plaintiff on a note dated October 14, 1875, for $900, with interest at eight per cent. made a sale to the defendant April 26, 1876, which the plaintiff claims is fraudulent.  June 19, 1876, the plaintiff filed in the district court of the United States, Maine district, a petition in bankruptcy against Farnsworth, upon which he was declared a bankrupt, July 25, 1876, and Orrison Burrill was appointed assignee, receiving proper assignment September 22, 1876.  March 24, 1877, the assignee, at the request of the plaintiff, brought a bill in equity in such district court against the defendant, alleging the same frauds that are set out in the writ in this case, to recover of the defendant the value of the property alleged to be fraudulently conveyed.  December 14, 1878, the district court entered a decree in favor of the assignee, for $1051 — from which an appeal was taken to the circuit court of the United States, which was pending at the time of presenting this case to the law court.  If these proceedings furnish a bar to

this suit, judgment is to be entered for the defendant—otherwise the action is to stand for trial or such further disposition as the court may direct.

*S. S. Brown*, for the plaintiff, upon the question stated in the opinion, argued :

The objection is made that the defendant may have to suffer more than the statute contemplates, by as much as he has to pay on the suit of the assignee in bankruptcy in United States court. But this court can take no notice of a contingency so remote. The defendant may never pay anything on that suit, but if he does it is the natural fruit of his own wickedness. Simple honesty will save a man from a multitude of misfortunes, which are the legitimate fruits of dishonesty. This is an action based upon the statutes of this State, which give this plaintiff certain rights. If the defendant is guilty, the court nor the plaintiff are in no way responsible for the consequences to him.

*D. D. Stewart*, for the defendant, upon the same question, cited : *Haskell* v. *Hilton*, 30 Maine, 419 ; Story's Eq. Pl. § 516 ; *Carr* v. *Hilton*, 1 Curtis, C. C. 230 ; *Holland* v. *Cruft*, 20 Pick. 330 ; *Gibbens* v. *Peeler*, 8 Pick. 254 ; *Butler* v *Hildreth*, 5 Met. 49.

WALTON, J. The question is whether one, who has commenced an action to recover the penalty provided for in R. S., c. 113, § 51, (which declares that whoever knowingly aids a debtor in a fraudulent transfer of his property, to secure it from creditors, shall be liable to any creditor suing therefor in double the amount of the property so fraudulently transferred, not exceeding double the amount of such creditor's demand), by filing a petition against his debtor and having him declared a bankrupt, and by causing a suit to be commenced against the alleged fraudulent transferee, by the assignee in bankruptcy, to recover the value of the property alleged to have been fraudulently transferred, thereby waives his right to further prosecute his own suit. We think he does. By first commencing a suit to recover the penalty provided for in the statute, a creditor undoubtedly obtains a priority of right to prosecute it to final judgment, not only as against other creditors, but also as against the debtor's assignee in bankruptcy. But this is a right which

he may waive. If he requests the debtor's assignee in bankruptcy to pursue the same property, and, in pursuance of such request, the assignee commences a suit against the alleged fraudulent transferee to recover its value for the benefit of all the creditors, we think the plaintiff in the first suit does thereby waive his right to prosecute it further; that such request, when acted upon, becomes irrevocable while the second suit is pending. To hold otherwise would make the defendant liable to pay three times the value of the property conveyed to him, — once to the assignee, and twice to the pursuing creditor. This is a greater penalty than the statute imposes. The statute makes him liable for double the value of the property fraudulently conveyed to him, but it does not make him liable for three times its value. The statute though technically a remedial one, is penal in its character, and must be strictly construed.. It must not be so construed as to impose a greater penalty than the plain meaning of its terms requires.

*Judgment for the defendant.*

APPLETON, C. J., BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.